IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|                                      |   |                       |
|--------------------------------------|---|-----------------------|
| ED GOLDNER,                          | * |                       |
|    Plaintiff          | * |                       |
| v.                                   | * | CIVIL NO. JKB-17-1243 |
| SOCIAL SECURITY ADMINISTRATION,      | * |                       |
|    Defendant.         | * |                       |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

In 2014, Plaintiff Ed Goldner submitted a Freedom of Information Act ("FOIA") request to Defendant Social Security Administration and ultimately did not receive all of the information he requested. (*See* Compl. ¶¶ 5, 8, ECF No. 1.) After appealing within the agency, Plaintiff brought this lawsuit against Defendant in May 2017. (*See id*.) Before the Court is Defendant's motion for summary judgment. (ECF No. 19.) Plaintiff responded in opposition to the motion (ECF No. 20) and Defendant replied (ECF No. 24). There is no need for a hearing to resolve the matter. *See* Local Rule 105.6 (D. Md. 2016). There is no genuine dispute of material fact in regard to the reasonableness of Defendant's search and the propriety of Defendant's decision to withhold certain information under an FOIA exemption. Accordingly, Defendant's motion for summary judgment will be granted and judgment will be entered for the Defendant by accompanying order.

   **I.**   *Facts*

There are three types of persons who represent claimants in social security disability ("SSD") claims before Defendant: attorneys, non-attorneys who are eligible for direct pay from

Defendant, and non-attorneys who are not eligible for direct pay ("non-eligible non-attorneys"). (*See* Decl. of Patricia Boyd ¶ 8, Mot. Summ. J. Ex. 9, ECF No. 19-10.) Non-eligible non-attorneys could include "non-professional[s] such as a friend, neighbor, or minister [of the claimant]." Privacy Act of 1974; as Amended Proposed Alteration to an Existing Privacy Act System of Records, and New Routine Use, 74 Fed. Reg. 51,940, 51,941 (Oct. 8, 2009).

Plaintiff sent an FOIA request to Defendant on November 6, 2013, requesting the first, middle, and last name, city and state for all attorneys and non-eligible non-attorneys who were currently representing clients in ongoing SSD claims. (*See* Mot. Summ. J. Ex. 1, ECF No. 19-2.) Plaintiff also requested, "[i]f it [was] permissible under the act," the "business name, business address, business phone number and business email" of these individuals. (*Id.*) In response, Defendant searched its Modernized Claims System ("MCS") database. (*See* Decl. of Phyllis Green ¶ 27, Mot. Summ. J. Ex. 4, ECF No. 19-5; Boyd Decl. ¶ 10.) Although other databases contained this information, the MCS was searchable by representative and claim type, even if it did not contain email addresses or distinguish between personal and business addresses or phone numbers. (Boyd Decl. ¶¶ 5-11.)

Subsequent to this search, Defendant produced 1,221 pages of documents. Plaintiff wanted more and appealed, and received the following information in September 2014: name, city, and state of attorneys and non-eligible non-attorneys representing clients in ongoing SSD claims, as well as telephone numbers for the attorneys. (Green Decl. ¶ 10.) The SSA did not provide additional information such as "business addresses" or telephone numbers (for non-eligible non-attorneys), claiming it could not determine that this information was not personal and that personal contact information is exempt under FOIA Exemption 6. (*See* Mot. Summ. J. Exs. 2-3, ECF Nos. 19-3 through 19-4.) FOIA Exemption 6 covers "personnel and medical and

similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Plaintiff claims that Defendant's refusal to turn over additional information, such as the addresses and emails of attorney and non-eligible non-attorney representatives, and the phone numbers of non-eligible non-attorney representatives, was a violation of FOIA. (Compl. ¶¶ 9-12.)[1] Defendant moved for summary judgment.

## II. *Standard of Decision*

Motions for summary judgment are a particularly common vehicle for resolving FOIA claims, *see Wickwire Gavin P.C. v. U.S. Postal Service*, 356 F.3d 588, 591 (4th Cir. 2004), but the standard remains the same as that applied in almost all civil cases: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden remains the same as well, i.e. it is on the moving party – the agency – to demonstrate the absence of any genuine dispute of material fact. *See Freeman v. U.S. Dept. of Justice*, 808 F.2d 834, 1986 WL 18310, at *2 (4th Cir. 1986) (unpublished table decision). "In meeting this burden, the agency may rely upon reasonably detailed, nonconclusory affidavits and declarations submitted in good faith." *Id.* As in any review of a summary judgment motion, if sufficient evidence exists for a reasonable jury to render a verdict in favor of the party opposing the motion, then the motion should be denied. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, the belief of the Plaintiff alone "that there are other documents he is entitled to . . . is inadequate to withstand a motion for summary judgment." *Heily v. U.S. Dep't of Commerce*, 69

---

[1] Plaintiff submitted a second FOIA request in 2015, which both Defendant and Plaintiff appear to think is relevant to this matter. (Mot. Summ. J. Ex. 7, ECF No. 19-8; *see* Mot. Summ. J. Mem. Supp. at 6-7 (Defendant discussing Plaintiff's second FOIA request); Opp'n 19, ECF No. 20 (Plaintiff discussing "the FOIA requests" and explaining the substance of his second FOIA request but citing to "Ex. 1" which is presumably Defendant's Ex. 1, which is Plaintiff's first FOIA request). Plaintiff's complaint, however, does not reference this second FOIA request, and the Court therefore does not consider whether Defendant's response to that request was proper.

F. App'x 171, 174 (4th Cir. 2003). This is because agency declarations are "accorded a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard Servs., Inc. v. S.E.C.*, 926 F.2d 1197, 1200 (D.D.C. 1991) ((quoting *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771 (D.C. Cir. 1981)). "To prevail over this presumption, a requestor must demonstrate a material issue by producing evidence, through affidavits or other appropriate means, contradicting the adequacy of the search or suggesting bad faith." *Heily*, 69 F. App'x at 173.

### III. *Analysis*

Defendant argues that summary judgment is warranted in its favor because it has demonstrated with declarations from its personnel that it conducted a reasonable search and only withheld information it located that was exempt from FOIA. Plaintiff argues that Defendant did not conduct a reasonable search and the information withheld was not exempt from FOIA. As a preliminary matter, Plaintiff also contends that summary judgment is inappropriate at this time because Plaintiff has not had an opportunity to conduct discovery. The Court will address the question of whether discovery is necessary, and then proceed to discuss the merits of the summary judgment motion.

#### a. *Discovery*

Discovery is the exception and not the rule in FOIA cases. *See Schrecker v. U.S. Dep't of Justice*, 217 F. Supp. 2d 29, 35 (D.D.C. 2002). "Discovery in FOIA [cases] is rare and should be denied where an agency's declarations are reasonably detailed, submitted in good faith and the court is satisfied that no factual dispute remains." *Id.*; *see also Heily*, 69 F. App'x at 174 ("It is well-established that discovery may be greatly restricted in FOIA cases."). Though "[d]iscovery is usually not allowed at all if the Court is satisfied that the affidavits/declarations submitted by

4

the agency are sufficiently detailed, non-conclusory, and submitted in good faith," it may be appropriate in certain cases. *Tamayo v. U.S. Dep't of Justice*, 544 F. Supp. 2d 1341, 1343-44 (S.D. Fla. 2008). Even in such cases, however, discovery is "[n]ormally . . . deemed appropriate only after the agency has moved for summary judgment and submitted affidavits or declarations." *Id.* at 1343.

The Court finds no reason to order discovery in this FOIA case. Defendant has submitted two declarations of agency personnel explaining in detail the process by which Defendant searched its records in response to Plaintiff's request. These declarations outline Defendant's different databases containing information on representatives, state that only one of these databases is searchable by claim type, state how this database is populated and the nature of the data, and clarify, ultimately, why Defendant chose to search this particular database in this particular manner to respond effectively to Plaintiff's request. (*See* Green Decl. ¶¶ 27-29; Boyd Decl. ¶¶ 5-11.) Plaintiff, in response, offers no declarations, affidavits, or any evidence or argument suggesting that the Defendant's declarations were not in good faith.

Plaintiff does, however, offer "purely speculative claims about the existence" of other databases based on a hyper-technical reading of the declarants' statements. *See SafeCard Servs., Inc.* 926 F.2d at 1200. For example, Plaintiff notes that Phyllis Green, Acting Deputy Executive Director for the Office of Privacy and Disclosure in Defendant's General Counsel Office, declared that Defendant "searched 'one of its databases," and that Patricia Boyd, an IT Specialist who works for Defendant, "admits Defendant 'maintains other systems that process disability data,' but only lists one other such system." (Opp'n at 5 (emphasis in the original) (quoting Green Decl. ¶ 27 and Boyd Decl. ¶ 11).) Aside from the fact that Plaintiff reads too much into the declarants' language, he also misses the point of his discovery challenge. Even if Ms. Green

and Ms. Boyd did mean to suggest that there are other databases, that does not alone entitle Plaintiff to discovery; he must present something that suggests that these other databases have the information he wants, or that the declarants' assertions that they searched the only proper sources of this information was in bad faith. Plaintiff has presented no such evidence.

Instead, Plaintiff relies on a misunderstanding of the Court's procedure. Plaintiff points to Local Rule 104.4, which states that discovery shall not commence until a scheduling order has been entered. There has been no scheduling order, and "there is no 'FOIA exception' to the local rules" and therefore, according to Plaintiff, summary judgment is premature at this time. (Opp'n at 4.) Plaintiff is correct in his reading of the local rules, and that there is no "FOIA exception," to them, but he misses the fact that there *is* an FOIA exception of a sort, as a matter of federal common law, to discovery in general. If the Court were to find that Defendant's declarations may have been submitted in bad faith, or were conclusory in nature and failed to explain the Defendant's process, then it would likely deny summary judgment and order discovery, at which point Local Rule 104.4's requirement of a scheduling order might come into play. The Court has not so found, and therefore it is proper to consider the merits of Defendant's motion without authorizing discovery.

### b. *Defendant's Search and Disclosure*

When, as here, the Plaintiff challenges the adequacy of the search process of an agency, the key inquiry is whether the search was reasonable. *See Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.D.C. 1990). Importantly, it is the *search* that is tested for reasonableness, not what the agency ultimately produced. *Hornbostel v. U.S. Dep't of Interior*, 305 F. Supp. 2d 21, 28 (D.D.C. 2003). "The fact that there may *possibly* be additional documents . . . is not relevant to the question of whether defendant conducted an adequate search for the documents." *Id.* at 27

6

(emphasis in the original). If a plaintiff believes that there are additional documents to which he is entitled, he can file additional FOIA requests seeking those documents. But if the original search was adequate, that belief, even if accompanied by supporting evidence, will not be enough to defeat summary judgment. *See id.* at 27. As touched upon above, the reasonableness of a search can be established through declarations, so long as they are "relatively detailed, nonconlusory and submitted in good faith." *Miller v. U.S. Dep't of State*, 779 F.2d 1378, 1383 (8th Cir. 1985).

Based on the information contained in Mses. Green's and Boyd's declarations, there is no genuine dispute that Defendant conducted a reasonable search in response to Plaintiff's request. Defendant searched the Modernized Claims System ("MCS") database because that database was "able to distinguish between disability claims and other claims," as well as between attorneys and non-eligible non-attorneys. (Boyd Decl. ¶ 10; *see also* Green Decl. ¶ 27.) Other databases, such as the Attorney Representative Database and Electronic Disability Collect System, were either non claim-type or representative-type searchable or had underlying data input problems. (Boyd Decl. at ¶¶ 7-9.) Defendant's search of the MCS database was able to retrieve the information that Plaintiff requested (with the exception of email addresses, which are not automatically populated in that database when data is transferred), however, the MCS database does not distinguish between personal and business addresses or telephones. (Green Decl. ¶ 28; Boyd Decl. ¶ 10.) Therefore, because Defendant believed that personal contact information was exempt from FOIA, Defendant was unable to provide addresses at all, or telephone numbers for non-eligible non-attorneys.[2]

---

[2] Defendant apparently believed that the potentially private telephone numbers of the attorneys were not exempt under Exemption 6, but the potentially private telephone numbers of non-eligible non-attorneys were. Defendant does not explain this distinction, but Plaintiff does not question it, and the Court has no reason to consider its wisdom.

To be clear, the reason that Defendant was unable to provide this information was not because it did not *find* it, but rather because it believed that information was exempt from FOIA. This is important because the contention that Defendant did not conduct a reasonable search is distinct from the contention that the information Defendant withheld was improperly classified as exempt. Plaintiff's argument that Defendant's search was unreasonable is similar to his argument for discovery, and fails for similar reasons. He suggests there may be other databases available, and attempts to poke holes in Defendant's proffered declarations, calling them "unenlightening" and "conclusory." (Opp'n at 1.) The Court disagrees with Plaintiff's characterizations of the declarations, and while Plaintiff suggests that there may be other databases or sources of information available to Defendant, he has not explained through affidavits, declarations, or even argument why the search that Defendant *did* conduct was unreasonable. *See Oglesby*, 920 F.2d at 68 ("There is no requirement that an agency search every record system.")

Plaintiff's argument that the information was not exempt from FOIA is similarly unavailing. Defendant asserts that the personal contact information of representatives is exempt from FOIA disclosure under Exemption 6. *See* 5 U.S.C. § 552(b)(6). Exemption 6 covers personnel, medical, or "similar files" and the Supreme Court has explained that "'similar files' was to have a broad rather than a narrow meaning." *U.S. Dep't of State v. Washington Post Co.*, 456 U.S. 595, 600 (1982). Home addresses have been considered "similar files" before, as disclosure of such information "could subject [people] to an unchecked barrage of mailing and perhaps personal solicitations." *American Fed. of Gov't Emps. v. U.S. Dep't of Health and Human Servs.*, 712 F.2d 931, 932 (4th Cir. 1983). A determination that information is encompassed within the broad meaning of "similar files" does not, however, end the matter. The

court must also assess "whether the information is of such a nature that its disclosure would constitute a clearly unwarranted privacy invasion," and this inquiry involves a balancing of interests. *Nat'l Ass'n of Home Builders v. Norton*, 309 F.3d 26, 32 (D.C. Cir. 2002). To wit, the Court balances "the individual's right of privacy against the basic policy of opening agency action to the light of public scrutiny." *Id.* at 33 (internal quotation marks omitted).

Plaintiff essentially makes two arguments that the information withheld by Defendant is not exempt from FOIA disclosure. The first is that he was only searching for business information – business addresses, telephone numbers, emails – and that such information is not within the ambit of Exemption 6 because it is not personal. Plaintiff cites exhaustive case law for the proposition that business contact information is not a "similar file," but in doing so misunderstands Defendant's position. Defendant nowhere argues that business information is personal and should not be disclosed. Rather it argues that, after conducting a reasonable search, it was unable to parse certain fields to determine if they contained business or personal information, and the default assumption was that these fields contained personal information. Plaintiff refutes that assertion, largely based on the argument that representatives fill out forms which contain fields that distinguish between business and personal information. But Defendant has put forth non-conclusory declarations that explain why, even though the forms may have such fields, the database that Defendant chose to search (based on Plaintiff's request) cannot distinguish that information. To the extent that Plaintiff believes there is a *better* way to search for this data, he is free to submit further FOIA requests. That belief, however, goes to the reasonableness of the search, and does not address the question of whether the information Defendant withheld was properly considered exempt from FOIA.

As a last resort, Plaintiff falls on the balancing requirement of Exemption 6. He argues that the public need for this information outweighs the intrusion into the private lives of these representatives. Plaintiff does not, however, explain his purpose in obtaining these records, other than to "'shed light' on Defendant's performance of its statutory duties, and reflect on Defendant's actions taken in accordance with its official business." (Opp'n at 19.) But it is unclear how Plaintiff will use this information to "shed light" on Defendant's performance. It is even more unclear why Plaintiff, who already has access to the names and phone numbers of every attorney representative for ongoing SSD claims in the country, would need the telephone numbers of non-eligible non-attorney representatives, or the mailing addresses of any representative, in order to shed this light. The privacy interest that Defendant asserts, on the other hand, is serious. Plaintiff would potentially obtain over a thousand personal addresses and telephone numbers – information that "could subject [representatives] to an unchecked barrage of mailing and perhaps personal solicitations." *American Fed. of Gov't Emps.*, 712 F.2d at 932. The public's interest in obtaining this personal information, if any, is outweighed by the privacy interest of these individuals.

**IV.** *Conclusion*

Defendant has demonstrated that there is no genuine dispute of material fact with regard to the reasonableness of its search and the propriety of withholding certain information under FOIA Exemption 6. Accordingly, Defendant's motion for summary judgment will be granted, and judgment entered for the Defendant, by accompanying order.

DATED this 13th day of December, 2017

BY THE COURT:

_____/s/_____
James K. Bredar
Chief Judge